IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDERICK CHARLES MILLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:03-CR-170-A |
| | § | (NO. 4:06-CV-324-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Frederick Charles Miller ("Miller") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the response of United States of America, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

Grounds of Miller's Motion

As stated in the memorandum Miller filed with his motion, the grounds of the motion are as follows:

> GROUND ONE: The government breached defendant's plea agreement sentencing provision, which entitles defendant to a mandatory Guidelines sentence, on direct appeal after briefing and oral argument had been concluded, and after the Supreme Court's Booker decision.

Mem. in Supp. of Mot. at 1 (underlining omitted).

> GROUND TWO: Defendant did not receive effective assistance of counsel due to his trial counsel's failure to object to the PSR's misapplication of the Guidelines' multiple counts grouping rules.

Id. at 30 (underlining omitted).

>    GROUND THREE:  Defendant did not receive effective assistance of counsel due to his trial counsel's failure to object to the misapplication fo the money laundering guidelines at sentencing.

Id. at 41 (underlining omitted).

>    GROUND FOUR:  Defendant did not receive effective assistance of counsel due to his trial counsel's failure to object to the district court's erroneous section 2B1.1 guidelines' offense level.

Id. at 46 (underlining omitted).

>    GROUND FIVE:  Defendant did not receive effective assistance of counsel on direct appeal due to his counsel's failure to raise meritorious claim, and argue, that the district court's extra verdict sentence enhancements using facts neither charged in the indictment, nor brought by way of superceding information, was plainly erroneous because it increased defendant's maximum penalty under the federal sentencing guidelines in violation of the Indictment Clause of the Fifth Amendment.

Id. at A-1 (underlining omitted).

## II.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).  A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for

2

transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Id. at 232 n. 7 (citing United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981)). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

### III.

### None of the Grounds has Merit

A.   The First Ground.

This is the ground to which Miller devotes most of his attention. The plea agreement between Miller and the government pursuant to which he pleaded guilty to the offenses for which he was sentenced said that "[t]he sentence in this case will be imposed by the Court pursuant to the United States Sentencing Guidelines." App. to Mot., Ex. D at 2-3, ¶ 4. This is the part of the plea agreement Miller contends was breached.

Miller was sentenced in November 2003 when the court was operating on the assumption that the mandatory guideline sentencing scheme then being followed was applicable and constitutional. The court concluded at the sentencing hearing that the guideline imprisonment range was 87 to 108 months. Tr. of Nov. 12, 2003, Sentencing Hr'g at 28. Miller was sentenced to serve a term of imprisonment of 96 months. Id. at 33. He complained of his sentence on appeal to the United States Court of Appeals for the Fifth Circuit. Following the issuance by the

Supreme Court of its opinion in United States v, Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), Miller directed a letter to the Fifth Circuit urging that his sentence be reversed based on the Booker rulings. App. to Mot., Ex. G. Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, and as requested by the Fifth Circuit, the government sent a letter to the Fifth Circuit stating its position on the effect of the Booker decision on Miller's appeal. Id. at Ex. H. The sending of this letter is what Miller contends constituted a breach by the government of the plea agreement. Essentially, the government urged in the letter that Miller could not benefit from Booker because he would be unable to show that he would have received a lower sentence if his sentencing had been under the post-Booker advisory sentencing scheme. The Fifth Circuit rejected Miller's reliance on Booker, explaining that:

> Because *Booker* renders the guidelines advisory, if we were to remand because of an error under *Booker* the district court would have the discretion to impose the same sentence by giving consideration to the guidelines and the other factors enumerated in 18 U.S.C. § 3553(a). Miller can point to nothing in the record to demonstrate that, operating under an advisory sentencing scheme, the district court *would* have reached a significantly different result. Miller's substantial rights, therefore, have not been affected, and he is unable to show plain error.

United States v. Miller 406 F.3d 323, 337 (5th Cir. 2005).

In the government's response in opposition to Ground One, the government maintains that Miller is procedurally barred from asserting Ground One in this habeas action; and the government argues, alternatively, that Miller has failed to show that the

4

government breached the plea agreement.  The court chooses not to devote time and attention to a discussion of whether Miller is procedurally barred to assert Ground One because there so obviously was not a breach of the plea agreement.

    Miller was sentenced pursuant to the United States Sentencing Guidelines, just as the plea agreement provided.  The fact that the Sentencing Guidelines thereafter were judicially determined to be advisory rather than mandatory does not change the fact that his sentence was imposed pursuant to the Guidelines.  The government never maintained that Miller's sentence should not be imposed pursuant to the Guidelines.  It simply argued that Miller's sentence should not be set aside.  The Fifth Circuit agreed.  That is the end of that matter.  There was no breach of the plea agreement.

B.   <u>The Ineffective Assistance of Counsel Grounds</u>.

    1.   <u>Standard to be Applied in Evaluating a Claim of Ineffective Assistance of Counsel</u>.

    To prevail on a claim of ineffective assistance of counsel, petitioner must show (1) a deficiency--his counsel's performance fell below an objective standard of reasonableness; and (2) prejudice--that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 692-93 (1984).  In evaluating a counsel's performance, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Id.</u> at 689.  In determining prejudice,

5

a reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id. at 694.  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 697.  The court need not address both components of the inquiry if the petitioner makes an insufficient showing on one.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

    2.   The Second Ground.

By Ground Two, Miller complains that his trial counsel was ineffective for failure to complain of a misapplication in his presentence report ("PSR") of the guideline multiple count grouping rules.  Miller sought to raise this issue on his appeal to the Fifth Circuit, but the Fifth Circuit declined to address it because Miller had not raised it in this court.  The background is set forth in the opinion of the Fifth Circuit, where the Fifth Circuit discussed the steps taken that led to the ultimate conclusion by this court that Miller's total offense level was 29 and his guideline imprisonment range was 87 to 108 months.  United States v. Miller, 406 F.3d at 326-27, 332-33.

Even if Miller is right that the multiple-count grouping rules should be applied differently than they were, the most Miller would gain would be a one-level offense reduction to a total offense level of 28.[1]  If a total offense level of 28, with

---

[1] The court is inclined to think that there should have been a grouping of the money laundering offense with the tax evasion offense for the purpose of determining Miller's total offense level.  The Guideline section used to calculate the offense level for the money
(continued...)

6

a criminal history category of I, is used, the guideline sentencing range, using the November 1, 2000, guideline manual, would be 78 to 97 months.  United States Sentencing Commission, <u>Guidelines Manual</u> at 326 (Nov. 2000).  Thus, the top of the guideline range would be higher than the 96-month sentence Miller received.  Even if the court were to assume that Miller's counsel was ineffective in failing to object to the application made of the multiple-count grouping rules, Miller would be unable to demonstrate that if his attorney had objected as Miller contends he should have there would have been a different sentencing outcome.

In all probability the sentencing outcome would have been the same.  The court would have taken into account the fact that the grouping of the tax evasion charge with the money laundering charge for the purpose of calculating the offense level would have caused Miller not to be punished for his tax evasion offense.  A sentence in the upper level of a 78- to 97-month guideline range would be the most logical under those circumstances.  In sentencing Miller at the midpoint of the guideline range of 87 to 108 months calculated on the basis of an offense level of 29 the court selected the sentence that was

---

[1](...continued)
laundering offense is § 2S1.2.  The offense level under § 2S1.2 is 28. USSG § 2T1.1 is to be used to calculate the offense level for the tax evasion offense.  The offense level calculated under § 2T1.1 is less than 28.  The multiple-count grouping rule in USSG 3D1.3(a) would require that the money laundering offense level of 28 be used to determine the imprisonment range.  If offense level 28 were to be used for the purpose of calculating Miller's sentencing range, he would avoid separate punishment for his tax evasion offense.

7

reasonable considering Miller's total offense conduct and the factors 18 U.S.C. § 3553(a) directs the court to consider. Those same factors would lead to the conclusion that a sentence of 96 months would be reasonable if the sentencing range were determined to be 78 to 97 months based on an offense level of 28. Therefore, the court concludes that Ground Two is without merit.

    3.   <u>The Third Ground</u>.

Miller's argument under his Ground Three is that his trial counsel was ineffective because of counsel's failure to object to the use of more than $1,000,000 in the calculation of the offense level under the money laundering guideline, USSG § 2S1.1. Miller contends that the value of the funds he embezzled rather than the value of the funds he laundered were used in the calculation, and that if the value of the funds laundered had been used the loss amount for guideline calculation purposes would have been less than $1,000,000, thus reducing his offense level by one level.

As part of his argument, Miller asserts that the probation officer did not make any finding or conclusion that Miller laundered more than $1,000,000. Mem. in Supp. of Mot. at 43. He has overlooked the fact-finding of the probation officer in the PSR that Miller embezzled $1,150,000 in money and funds from the health care benefit programs, that he converted the embezzled/stolen funds to his personal use, and that "[a]s part of his scheme, Miller also devised ways to launder <u>the</u> stolen funds." PSR at 6, ¶ 24 (emphasis added). That finding was among those adopted by the court at the sentencing hearing. Tr. of

8

Nov. 12, 2003, Sentencing Hr'g at 27. Also, Miller overlooks the admissions and stipulations he made in the factual résumé that he embezzled $1,150,000 from the health care programs, and that he "devised various schemes to defraud and embezzle from health care benefit programs and to launder the funds from 1998 through June of 2003." Factual Résumé at 3 (emphasis added).

From the admitted and stipulated facts and the facts otherwise established by unchallenged recitations in the PSR, the court could infer, and was entitled to find from a preponderance of the evidence, that Miller laundered more than $1,000,000. That being so, the five-level increase in the calculation of his offense level under § 2S1.1 was proper. Miller's counsel had no cause to object to the use of more than $1,000,000 in the calculations, and committed no error by failing to object.

### 4. The Fourth Ground

Miller's next ineffective assistance of counsel claim incorrectly assumes that the offense level for his money laundering conviction was calculated under the embezzlement guideline, USSG § 2B1.1, rather than the money laundering guideline, USSG § 2S1.1. Because Miller stipulated that he committed the offense of embezzlement, that offense had to be taken into account in the guideline calculations. USSG § 1B1.2(c). Miller is correct in thinking that the offense level produced by a calculation under § 2B1.1 is lower than the offense level produced by a calculation under the money laundering guideline. However, his argument under Ground Four fails to

9

recognize that under the grouping rules the § 2B1.1 calculations became unimportant once the determination was made that the money laundering offense level was the highest of the grouped offenses. USSG § 3D1.3(b). Consequently, Miller's attorney had no occasion to object to calculations related to his stipulated embezzlement offense, and did not commit an error in failing to do so.

    5.   <u>The Fifth Ground</u>.

By his fifth ground, Miller takes aim at his appellate counsel, contending that the appellate counsel was ineffective because of having failed to contend on appeal that there should have been no increase in Miller's base offense-level calculations by reason of facts that were not alleged in the counts to which he pleaded guilty. In other words, he contends that his appellate counsel should have urged before the Fifth Circuit that only facts alleged in the charging documents can enter into the determination of the sentence.

If Miller's counsel had made such an argument to the Fifth Circuit, it would have been without merit. The effect of the Supreme Court's <u>Booker</u> ruling is that enhancements such as Miller received do not have to be proved beyond a reasonable doubt under the advisory guideline scheme. If the enhancements do not have to be proved beyond a reasonable doubt, then they are not elements of the offense. Not being elements of the offense, they do not have to be pleaded in the charging documents. Thus, Miller has failed to show that his appellate counsel erred in not making a Fifth Amendment claim of the kind Miller describes, or

10

that the making of such a claim could have affected the appeal in his favor.

### IV.

### Order

For the reasons stated above,

The court ORDERS that Miller's motion under 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED July  10 , 2006.

                                            /s/ John McBryde
                                          JOHN McBRYDE
                                          United States District Judge